**COSTELLO & MAINS, LLC**
By: Deborah L. Mains
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| ALICIA GARNER, | : | UNITED STATES DISTRICT COURT |
| --- | --- | --- |
| Plaintiff(s), | : | DISTRICT OF NEW JERSEY |
| | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | **Electronically filed** |
| PDX NORTH, INC.; PDX; and JOHN DOES 1-5 AND 6-10, | : | |
| | : | DOCKET NO: |
| | : | |
| Defendant(s). | : | |
| | : | **COMPLAINT AND JURY DEMAND** |
| | : | |

Plaintiff Alicia Garner ("Plaintiff"), by way of complaint against the defendants, says:

### Preliminary Statement

1.  This action is brought by plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL").

### Jurisdiction and Venue

2.  Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

3.  Because defendant is subject to personal jurisdiction in New Jersey and because a substantial part of the events or omissions giving rise to the claim occurred in New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

**Identification of Parties**

1. Plaintiff Alicia Garner resides at 2020 W. Cedar Street, 2nd Floor, Allentown, PA 18104 and at all pertinent times herein, has been employed by defendants.

2. Defendants PDX and PDX North, Inc., ("defendants" or "PDX") is a corporation registered in the State of New Jersey which provides delivery drivers and dispatch services to its customers.

3. PDX conducts business within the State of New Jersey.

4. PDX employed plaintiff in the State of New Jersey.

5. PDX contracts with Buywise Auto Parts to provide dispatchers and delivery drivers to 5 Buywise locations, all of which are in the State of New Jersey.

6. Plaintiff has been assigned to the Buywise location in Vauxhall, NJ.

7. Defendants are employers within the meaning of 29 USC Sec. 203 and within the meaning of the NJWHL. Upon information and belief defendants have gross annual revenue in excess of $500,000 per year.

8. Plaintiff routinely interacted with interstate commerce during her employment with defendants.

9. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff in this matter.

**General Allegations**

10. Plaintiff commenced employment with defendants in or around November 2013.

11. Plaintiff was paid on a salary basis from the start of her employment until in or around October 2016, when she was made an hourly paid employee.

12. For the first 3 months of her employment, plaintiff was paid an annual salary of $42,000.

13. Thereafter, plaintiff's salary increased to $45,000 annually and remained at that level until the recent switch to hourly compensation.

14. From the start of her employment until in or around the middle of January 2016, plaintiff was required to work 7:30 a.m. – 5:00 p.m., with no lunch break, Monday through Friday and two Saturdays per month, 7:30 a.m. – 5:00 p.m.

15. For that period, plaintiff was scheduled to work 47.5 hours per week for two weeks out of the month and 57 hours per week for two weeks out of the month.

16. Starting on or about January 11, 2016, plaintiff's schedule was modified such that she was required to work only one Saturday per month. Thus, from that date to the present, plaintiff has been scheduled to work 47.5 hours per week for three weeks of the month and 57 hours per week for one week out of the month.

17. Plaintiff has thus regularly worked in excess of 40 hours per work week.

18. During the time that plaintiff was a salaried employee, she was not properly subject to any exemption under the FLSA or the NJWHL.

19. Plaintiff's job title is Account Administrative Supervisor.

20. Plaintiff's job duties, however, are purely clerical in nature. Plaintiff assists the HR Director by handling routine HR paperwork, such as mailing requests for work authorizations, assisting employees in filling out paperwork such as benefit enrollment forms, time clock enrollment forms, and the like. Plaintiff also assistants new applicants with filling out application forms, assists employees with filling out W-2 and direct deposit forms and other routine clerical functions.

21. Plaintiff does not supervise any employees. Drivers assigned to her location are supervised by a dispatcher and manager who is also assigned to that location.

22. Plaintiff does not exercise discretion or independent judgment in connection with the operation of defendants' business.

23. Plaintiff does not have the authority to hire or fire, or to make effective recommendations regarding same.

24. Plaintiff does not have the authority to discipline or to effectively recommend discipline for employees.

25. Plaintiff is not a professional and her job duties require no specialized or advanced training or learning.

26. Despite working in excess of 40 hours per work week, plaintiff has not been paid overtime for those work weeks in which she was worked over 40 hours.

27. Defendants have willfully refused to pay overtime to plaintiff in an amount equal to one and one half her regular hourly rate for all hours worked in excess of 40 per week.

28. Defendants' refusal to pay overtime mandates the imposition of liquidated damages.

## COUNT I

### FLSA Violation

29. Plaintiff hereby repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff, during the course of her employment, regularly worked more than forty hours in a work week.

31. Defendants failed to pay plaintiff overtime compensation for hours worked in excess of forty in a work week.

32. Defendants, by the above acts, have violated 29 U.S.C. Sec. 207.

33. Plaintiff has suffered monetary damages as a result of defendants' acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the FLSA;

(b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

(c) enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

(d) directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

(e) directing defendants to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(f) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

(g) granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### Violation of the NJWHL

34. Plaintiff hereby repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff, during the course of her employment, regularly worked more than forty hours in a work week.

36. Defendants failed to pay plaintiff overtime compensation for hours worked in excess of forty in a work week.

37. Defendants, by the above acts, have violated the New Jersey Wage and Hour Law.

38. Plaintiff has suffered monetary damages as a result of defendants' acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the NJWHL;

(b) directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

(c) awarding plaintiff the costs of this action together with reasonable attorneys' fees; and

(d) granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

**COSTELLO & MAINS, P.C.**

By: ___/s/ Deborah L. Mains_____
      Deborah L. Mains
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
856-727-9700
dmains@costellomains.com

Attorneys for Plaintiffs

Dated: February 28, 2017

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & MAINS, P.C.**

By: /s/ Deborah L. Mains
     Deborah L. Mains

## DESIGNATION OF TRIAL COUNSEL

Deborah L. Mains, Esquire, of the law firm of Costello & Mains, P.C., is hereby-designated trial counsel.

**COSTELLO & MAINS, P.C.**

By: /s/ Deborah L. Mains
     Deborah L. Mains

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, P.C.**

By: /s/ Deborah L. Mains
     Deborah L. Mains